# EXHIBIT "B"

2 CIT/ESERVE

FILED
2/17/2021 4:09 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nikiya Harris DEPUTY

CAUSE NO. DC-21-02098

| | | |
|---|---|---|
| JOSHUA GRAYBEAL, Individually; and WALTER GRAYBEAL and DEBORAH GRAYBEAL as Next Friends and Parents of A.G., a Minor,<br><br>Plaintiffs<br><br>v.<br><br>JB HUNT TRANSPORT, INC. and THERESA HUTCHINSON-GHANEM,<br><br>Defendants | § § § § § § § § § § § § § § | IN THE 191st _____<br><br><br><br>DISTRICT COURT<br><br><br><br>OF DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Joshua Graybeal, Individually; and Walter Graybeal and Deborah Graybeal as Next Friends and parents of A.G., their minor child (collectively "Plaintiffs") file this Original Petition against J.B. Hunt Transport, Inc. a Georgia Corporation, and Theresa Hutchinson-Ghanem, an individual, and respectfully allege as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request that discovery in this case be conducted under Level 3, by further order of this Court, as set forth in Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

2.1     Plaintiff Joshua Graybeal is an individual and resident of Denton County, Texas. Pursuant to Texas Civil Practice and Remedies Code § 30.014, the last three digits of Joshua

Graybeal's Texas driver's license are 312, and the last three digits of his Social Security number are 315.

2.2     Minor Plaintiff A.G. appears by and through her Next Friends and parents, Walter Graybeal and Deborah Graybeal. Pursuant to Texas Civil Practice and Remedies Code § 30.014, the last three digits of A.G.'s Texas driver's license are 699, and the last 3 digits of her Social Security number are 645.

2.3     Next Friend Walter Graybeal is an individual and resident of Denton County, Texas. Pursuant to Texas Civil Practice and Remedies Code § 30.014, the last three digits of Walter Graybeal's Texas driver's license are 485, and the last three digits of his Social Security number are 937.

2.4     Next Friend Deborah Graybeal is an individual and resident of Denton County, Texas. Pursuant to Texas Civil Practice and Remedies Code § 30.014, the last three digits of Deborah Graybeal's Texas driver's license are 888, and the last three digits of her Social Security number are 747.

2.5     Defendant J.B. Hunt Transport, Inc. is a Georgia corporation. Its principal place of business in the state of Texas is Dallas, Dallas County, Texas. It may be served with process by and through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

2.6     Defendant Theresa Hutchison-Ghanem is an individual and resident of Sand Springs, Oklahoma. She may be served with process at her home address of 11450 West Highway 51 Lot 61A Sand Springs, Oklahoma 74063.

## III.
## JURISIDICTION AND VENUE

3.1     This Court has jurisdiction over this matter because the amount in controversy exceeds the jurisdictional minimum of this Court, exclusive of costs and interest, and because the Defendant, J.B. Hunt is a resident of the State of Texas.

3.2     Venue is proper in Dallas County under section 15.002(a)(3) because Defendant J.B. Hunt's principal office in this state is located in Dallas County, Texas.

3.3     Pursuant to Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred.

## IV.
## FACTS

4.1     This case arises out of a vehicle collision that occurred on February 24, 2019 at approximately 3:35 p.m.

4.2     While Joshua Graybeal was driving with his younger sibling, minor plaintiff A.G., in the passenger seat, Defendant Theresa Hutchison-Ghanem was operating a tractor-trailer in the course and scope of her employment with J.B. Hunt Transport, Inc. (hereinafter, "J.B. Hunt") behind the Plaintiffs' vehicle.

4.3     While northbound on the 16200 block of Blue Mound Road, Joshua Graybeal slowed and turned on the vehicle's turn signal as he approached a left turn onto Martin Ranch Road, eventually coming to a stop to yield the right-of-way to oncoming traffic. His younger sibling, minor plaintiff A.G., was in the passenger seat. Walter Graybeal and Deborah Graybeal were, at all relevant times, the owners of the Plaintiffs' vehicle.

4.4     Despite this, Defendant Theresa Hutchison-Ghanem suddenly and violently collided into the rear of Plaintiffs' vehicle. At the time of the collision, she was wearing inappropriate footwear to safely operate a tractor-trailer and had a small dog loose in the vehicle.

4.5     The Fort Worth Police Department found Ms. Hutchison-Ghanem at fault for this collision. She also received a citation for failure to control speed.

4.6     Defendant J.B. Hunt's vehicle was entrusted to its employee, Ms. Hutchison-Ghanem, at the time of the collision. Upon information and belief, Ms. Hutchison-Ghanem was employed by, and acting within the course and scope of her employment with, J.B. Hunt at the time of the collision.

4.7     The impact caused Joshua Graybeal and A.G.'s bodies to move within the vehicle, causing serious, and likely life-long injuries. As a result of this collision, Joshua Graybeal and minor plaintiff A.G. have had to seek medical treatment for their injuries, including surgical intervention.

4.8     Plaintiffs have experienced physical pain and suffering and mental anguish in addition to their economic damages. The impact also caused significant property damage to Walter and Deborah Graybeal's vehicle.

## V.
## NEGLIGENCE OF DEFENDANT THERESA HUTCHISON-GHANEM

5.1     Ms. Hutchison-Ghanem owed a duty to the public to exercise ordinary care in the operation of a motor vehicle on public roadways. She failed to exercise ordinary care and thus breached his duty of care in the following ways:

    a.     Failing to keep a safe distance;

    b.     Failing to control her speed;

    c.    Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    d.    Failing to properly and timely apply her vehicle's brakes in order to avoid the collision in question;

    e.    Failing to take proper evasive measures to avoid the collision;

    f.    Failing to take appropriate precautionary measures, including failing to wear appropriate footwear, while operating a commercial vehicle;

    g.    Driving in a reckless manner;

    h.    Driver inattention;

    e.    Driving while distracted; and

    f.    Failure to give proper warning upon an impending incident.

5.2    The Defendant's failure to exercise ordinary care proximately caused Plaintiffs' injuries.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT THERESA HUTCHISON-GHANEM

6.1    For the reasons stated above, Ms. Hutchison-Ghanem recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Specifically, the Defendant violated the following statutes:

    a.    In failing to yield the right-of-way resulting in an accident. TEX. TRANSP. CODE ANN. § 542.4045;

    b.    In driving in a reckless manner. TEX. TRANSP. CODE ANN. § 545.401;

    c.    In failing to keep a safe distance. TEX. TRANSP. CODE ANN. §545.062; and

    d.    In failing to control her speed. Tex. Transp. Code Ann. §545.351.

Such acts and/or omissions constitute negligence per se. This negligence per se proximately caused Plaintiffs' injuries.

## VII.
## GROSS NEGLIGENCE OF DEFENDANT THERESA HUTCHISON-GHANEM

7.1     As stated previously, Ms. Hutchison-Ghanem had a duty to exercise ordinary care in the operation of a motor vehicle. For the reasons set forth above, she recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Such acts or omissions constitute gross negligence.

7.2     The acts and/or omissions of Ms. Hutchison-Ghanem, when viewed objectively from the driver's standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, Ms. Hutchison-Ghanem had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the motoring public and Plaintiffs.

7.3     This willful or wanton disregard for the safety of persons or property proximately caused Plaintiffs' injuries. Thus, Ms. Hutchison-Ghanem is liable for gross negligence and exemplary damages.

## VIII.
## RESPONDEAT SUPERIOR

8.1     J.B. Hunt is responsible for the actions of Ms. Hutchison-Ghanam under the doctrine of *respondeat superior*. Plaintiffs were injured due to the negligence, negligence per se, and gross negligence of Ms. Hutchison-Ghanem. Upon information and belief, Ms. Hutchison-Ghanem was a J.B. Hunt employee acting in the course and scope of her employment when the above described acts and/or omissions were committed.

## IX.
## NEGLIGENT ENTRUSTMENT BY J.B. HUNT

9.1 The occurrence made the basis of this suit, referred to above, and the resulting damages were proximately caused by the negligent conduct of Theresa Hutchison-Ghanem, acting in the course and scope of employment and on behalf of J.B. Hunt. On the occasion in question:

a. Upon information and belief, Defendant J.B. Hunt was the owner of the tractor-trailer operated by Ms. Hutchison-Ghanem on the date of the incident;

b. Defendant Ms. Hutchison-Ghanem on behalf of J.B. Hunt, entrusted the vehicle to Defendant Ms. Hutchison-Ghanem as a reckless or incompetent driver;

c. Defendant Ms. Hutchison-Ghanem was negligent on the date of the incident; and

d. Defendant Ms. Hutchison-Ghanem's negligence was the proximate cause of Plaintiffs' damages.

## X.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

10.1 *Negligent Hiring*. Defendant J.B. Hunt had a duty to hire competent employees. Upon information and belief, Defendant J.B. Hunt breached that duty by hiring Ms. Hutchison-Ghanem, due to inadequate screening measures and/or because Ms. Hutchison-Ghanem was an incompetent or unqualified driver. Upon information and belief, Defendant J. B. Hunt's failure to perform adequate pre-employment screening measures and hiring practices and/or its hiring of an incompetent or unqualified driver proximately caused Plaintiff's injuries. Furthermore, Plaintiff's injuries are a harm of the type the law permits recovery.

10.2 *Negligent Training*. Defendant J.B. Hunt had a duty to train competent employees. Upon information and belief, Defendant J.B. Hunt breached that duty by failing to train, or by

inadequately training Ms. Hutchison-Ghanem. Upon information and belief, Defendant J.B. Hunt's training practices as they relate to Ms. Hutchison-Ghanem fell below the standard that a reasonably prudent trucking company would have maintained. Upon information and belief, this breach of J.B. Hunt's duty to train competent employees proximately caused Plaintiffs' injuries.

10.3   *Negligent Supervision*. Defendant J.B. Hunt had a duty to supervise its employees. Upon information and belief, Defendant J.B. Hunt breached that duty by failing to supervise, or by inadequately supervising Ms. Hutchison-Ghanem. Upon information and belief, Defendant J.B. Hunt's supervision as it related to Ms. Hutchison-Ghanem fell below the standard that a reasonably prudent trucking company would have maintained. Upon information and belief, this breach of J.B. Hunt's duty to supervise Ms. Hutchison-Ghanem proximately caused Plaintiffs' injuries.

10.4   *Negligent Retention*. Defendant J.B. Hunt had a duty to retain competent employees. Upon information and belief, Defendant J.B. Hunt breached that duty by retaining Ms. Hutchison-Ghanem, an incompetent and/or unqualified driver. Upon information and belief, Defendant J.B. Hunt's retention practices as they relate to Ms. Hutchison-Ghanem fell below the standard that a reasonably prudent trucking company would have maintained. Upon information and belief, this breach of J.B. Hunt's duty to retain competent employees proximately caused Plaintiffs' injuries.

## XI.
## DAMAGES

11.1   Plaintiffs Joshua Graybeal and minor plaintiff A.G. sustained injuries in the collision that occurred on February 24, 2019 as a direct and proximate result of the Defendants' acts and omissions.

11.2   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Joshua Graybeal has incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain, suffering, and mental anguish in the past and future;

d. Physical impairment in the past and that in reasonable probability will be experienced in the future;

e. Loss of enjoyment of life;

f. Loss of household services in the past and which will in all reasonable probability be incurred in the future;

g. Loss of earnings and earning capacity in the past; and

h. Loss of earnings and earning capacity which will, in all probability, be incurred in the future.

11.3   As a direct and proximate result of the occurrence made the basis of this lawsuit, Minor Plaintiff A.G. has incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

 c. Physical pain, suffering, and mental anguish in the past and future;

 d. Physical impairment in the past and future;

 e. Loss of household services in the past and which will in all reasonable probability be incurred in the future;

 f. Loss of enjoyment of life;

 g. Loss of earnings and earning capacity in the past; and

 h. Loss of earnings and earning capacity which will, in all probability, be incurred in the future.

11.4 Plaintiffs seek punitive damages for the gross negligence of Defendants J.B. Hunt and Ms. Hutchison-Ghanem.

11.5 Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.

11.6 By the reasons stated above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII.
## JURY DEMAND

12.1 Plaintiffs request their right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiffs have tendered, or will tender, the requisite fee to the district clerk.

## XIII.
## PRAYER

13.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in

an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may show themselves to be entitled by law or in equity.

    Respectfully submitted,

*/s Kim Jones Penepacker*
KIM JONES PENEPACKER
State Bar No. 24101976
Kim@thetexaslawdog.com
MATTHEW E. AUSLBROOK
State Bar No. 24093880
Matt@thetexaslawdog.com

**AULSBROOK LAW FIRM**
420 E. Lamar Blvd., Ste. 110
Arlington, Texas 76011
Tel. 817.775.5364
Fax 817.381.5892
**ATTORNEYS FOR PLAINTIFFS**